974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred E. CHRISTIAN, Plaintiff-Appellant,
v.
U.S. MARSHAL'S SERVICE; Three unknown US Marshals,
Defendants-Appellees.
 No. 92-6096.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 28, 1992
Decided: August 28, 1992
 
 Fred E. Christian, Appellant Pro Se. J. Phillip Krajewski, Assistant United States Attorney, Norfolk, Virginia, for Appellees.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Fred E. Christian appeals from the order of the district court dismissing his claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm in part and vacate and remand in part.
 
 
 2
 Christian, a former federal prisoner, filed suit under Bivens against the United States Marshal's Service and three "John Doe" marshals alleging that he had been assaulted while in the custody of the Marshal's Service and that the assault constituted cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 3
 The district court subsequently granted the Marshal's Service's motion to dismiss, finding that the claims against the Marshal's Service were barred by sovereign immunity. The court also dismissed, sua sponte, the claims against the individual John Doe marshals finding that these claims were barred by Christian's failure to effect timely service upon the individual marshals. Christian filed a timely notice of appeal.
 
 
 4
 The district court properly concluded that sovereign immunity barred the claims against the Marshal's Service. See Radin v. United States, 699 F.2d 681, 684-85 (4th Cir. 1983). Accordingly, we affirm the dismissal of these claims.
 
 
 5
 Under Fed. R. Civ. P. 4(j) a plaintiff has 120 days from the time a complaint is filed within which to effect service upon the defendants. If that time elapses without service the court can properly dismiss the complaint without prejudice. Id. In the present case the complaint was filed on October 9, 1991. The district court dismissed the claims against the individual marshals on January 2, 1992-eighty-five days after the filing of the complaint. Because thirty-five days remained in which Christian could timely effect service, these claims were improperly dismissed. Accordingly, we vacate the dismissal of the claims against the individual marshals and remand these claims to the district court.
 
 
 6
 It is apparent from the record that the district court does not have personal jurisdiction over the individual marshals. Because the interest of justice favors transfer of these claims, the district court on remand should determine in which district the claims can properly be brought and should transfer the case accordingly. See 28 U.S.C. § 1631 (1988).
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART